# Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Michael J. Frevola, Partner
212.513.3516

July 28, 2025

Honorable Sidney H. Stein
United Stated District Court Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.,
New York, NY

**Re:** **25-cv-5904, Pennantia, LLC v. Rose Cay Maritime, LLC and Dove Cay, LLC.**
<u>**Request to Order Defendants to Comply with Order to Permit Vessel Inspections**</u>

Your Honor,

    At the Pretrial Conference held in this matter on July 25, 2025, counsel for the Defendants agreed to provide Plaintiff access to the eighteen vessels in Pennantia's fleet to inspect them. As discussed during the conference, the inspections are necessary for the contemplated sale of the vessels, which as also discussed, all parties have an interest in pursuing expeditiously. The agreement was memorialized in your Order of July 25, 2025 (Doc. 12) ordering that Plaintiff shall be given access to the vessels, and directing that "Defendants shall be notified in advance of the time and date of the inspections and of the identities of anyone participating in the inspections. The parties shall negotiate in good faith to determine the location of the inspections."

    Promptly on the afternoon of July 25, 2025, my partner, Gerald Morrissey, proposed a schedule for inspections to take place the following week, from Tuesday July 29 to Friday August 1, for twelve of the vessels. (email of Pennantia counsel, 7/25/2025, 3:34 pm). The email also stated "If any of the foregoing are problematic or cannot be confirmed please advise right away, and otherwise please confirm the requested inspections as soon as possible." The email was sent to three law firms representing the Defendants: counsel for Rose Cay Maritime, LLC ("RCM"), Watson, Farley & Wiliams and Freehill Hogan & Mahar, and was forwarded shortly thereafter to counsel for Dove Cay, LLC ("DC"), Lennon, Murphy & Phillips, LLC. The only response received was from DC's counsel, who stated that the proposed schedule was "missing the identities of anyone Pennantia is proposing to have board the vessels."

    On July 27, 2025, Mr. Morrissey provided all RCM and DC counsel the identities of anyone who would be participating in the inspections, stating that "[h]aving not heard any reason that schedule proposed on Friday presents any problems for availability of those vessels on those

days, we are proceeding with arrangements for the following persons participating in the inspections next week..." (email of Pennantia counsel, 7/27/2025, 1:01 pm). No response or objection was received to the list of persons requested for the previously proposed vessel inspections. On July 28, 2025, mindful that cross-country travel was being undertaken for the inspections planned for tomorrow morning in New York, Mr. Morrissey again sought confirmation of the inspections proposed for tomorrow July 28, 2025, and asked for confirmation by 12:00 today. (email of Pennantia counsel, 7/28/2025, 10:01 am).

A flurry of exchanges ensued, revealing two key points: First, the two law firms representing Defendants at the Preliminary Conference were apparently expecting a third law firm, Freehill, to arrange and/or attend the inspections on behalf of RCM. Second, RCM has today placed a new and unreasonable condition on permitting access to the vessels required by the Order. After requesting additional time past 12:00 today to confer with RCM, counsel from Freehill advised that access to the vessels could be provided, including for the requested inspections tomorrow morning in Yonkers, but in order to do so, RCM is seeking that Pennantia guarantee or pay its counsel a $50,000 retainer to arrange for providing access, and presumably attending the inspections onboard, for RCM.

Pennantia does not agree to RCM's newest condition to providing access to the vessels. Respectfully, Pennantia does not need counsel for RCM in order to conduct its inspections. If RCM thinks it needs its own lawyer onboard the vessels for an owners' inspection, RCM should be prepared to pay for such representation. And if any of this was actually an issue, it should have been raised in the Preliminary Conference, but it was not.

Pennantia has acted in good faith in an effort to arrange for inspections and Pennantia has complied with the specific requirements in the Order. This new obstacle to access was only raised after noon today, and based on representations from counsel, it is the only thing standing in the way of RCM providing access starting tomorrow morning, and in the schedule first proposed on June 25, 2025, which RCM counsel otherwise was prepared to proceed with, and which RCM has not otherwise objected previously.

We advised counsel that Pennantia was not agreeable to this new payment condition for access and that we would be compelled to seek assistance from the Court. Counsel did not respond as of the time of this letter. Accordingly, we respectfully request that Your Honor order Defendants (1) to permit access to the vessels without the condition to pay RCM's legal fees, and (2) Order that RCM provide access to the vessels as previously Ordered and without further restrictions or further hinderance from RCM, DC or its representatives or crew.

Respectfully,

S/Michael J. Frevola
Michael J. Frevola