The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – Phone
(212) 490-6070 - Fax



1599 Post Road East
Westport, CT 06880
(203) 256-8600 – Phone
(203) 255-5700 - Phone
(203) 256-8615 – Fax
(203) 255-5702 - Fax

July 28, 2025

*<u>Via ECF</u>*
Honorable Sidney H. Stein
United Stated District Court Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

    **Re:**    **Pennantia, LLC v. Rose Cay Maritime, LLC and Dove Cay, LLC**
            25-cv-5904 SHS

Dear Judge Stein,

      We represent Defendant, Dove Cay, LLC ("DC") and write in response to the letter motion ("Letter Motion") submitted to the Court this afternoon by counsel for the Plaintiff, Pennantia, LLC.

      As discussed with your clerk, as neither we – nor counsel for co-Defendant Rose Cay Maritime, LLC ("RCM") – have appeared on the docket we did not receive an ECF copy of the Letter Motion when it was filed. We only received it at 4:36 p.m. when it was emailed by Plaintiff's counsel to Rose Cay's attorneys, Freehill, Hogan & Mahar ("FHM"), who were tasked with coordinating the Vessel inspections order by the Court last Friday (ECF No. 12).

      Plaintiff's counsel's email was in response to an email from FHM to Plaintiff's counsel seeking to coordinate arrangements and conditions for the Vessel inspections – which go beyond a mere "owner's inspection", *i.e.*, an inspection by Plaintiff itself, and include inspections by various individuals identified by Plaintiff's counsel whose affiliations were not disclosed, although they appear to be affiliated with a competitor to RCM and DC. This raised various safety and confidentiality concerns (particularly with regard to RCM and DC's intellectual property and employees on board the vessels) that FHM sought to address with Plaintiff's counsel – as the number, identity and affiliation of the persons Plaintiff proposes to board and inspect the vessels was not disclosed during the hearing last Friday. Moreover, as Plaintiff's counsel is well aware, FHM coordinated and facilitated Plaintiff's prior, recent, vessel inspections. A copy of the referenced email exchange is attached hereto as Exhibit A.

Importantly, RCM – through FHM – responded in less than 24 business hours to Plaintiff's initial, incomplete request to schedule and coordinate the vessel inspections, and in less than 5 business hours from when the Plaintiff provided the required identity of the persons that Plaintiff proposed to have board the vessels.

Further, and more troublingly, at 4:41 p.m. today, the $1.6 million in operating funds that Plaintiff agreed, in an agreement signed by all counsel at last Friday's hearing, to remit by wire transfer to RCM and DC for vessel operations through Thursday August 31, 2025 were not received. Instead, Plaintiff remitted the $1.6 million to a "revenue" account solely controlled by Plaintiff. Neither RCM nor DC has any control over that account. Thus, RCM and DC have not received the $1.6 million. This issue was promptly brought to the attention of Plaintiff's counsel, who responded at 5:38 this afternoon that "[m]y client has advised that it is being transferred to the operating account right now." As of the time of writing this letter the $1.6 million has not been received by RCM or DC.

Respectfully,

*Patrick F. Lennon*

Patrick F. Lennon

PFL/bhs

cc: All counsel via email