# Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Michael Frevola, Partner
212.513.3516

July 29, 2025

Honorable Sidney H. Stein
United Stated District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.,
New York, NY

**Re:**     **25-cv-5904, Pennantia, LLC v. Rose Cay Maritime, LLC and Dove Cay, LLC**

Your Honor,

We represent Plaintiff Pennantia, LLC ("Pennantia") write to provide a brief response to the letter filed yesterday afternoon (Doc. 16) by counsel for Defendant Dove Cay, LLC ("DC") following Your Honor's second Order regarding vessel inspection access yesterday afternoon (Doc. 15).

First, we want to clarify the record regarding Pennantia's $1.6 million payment yesterday, which we confirm was made and deposited in the Vessel Operating Account yesterday afternoon. DC's counsel stated to the Court that as of the time of its filing, that DC's counsel indicated was approximately 6:37 pm, that Pennantia had not completed its $1.6 million payment as per the agreement reached at the Pretrial Conference. DC's counsel referred to the email from our firm that the earlier deposit into the Vessel Revenue Account was being transferred to the Operating Account, but did not refer to the follow up email from our firm to counsel at 5:55 pm confirming that the transfer had been completed. In any event, we annex the wire details of Pennantia's $1.6 million transfer from the Vessel Revenue Account to the Vessel Operating Account yesterday afternoon (Ex. A).

Second, regarding the vessel inspections, at the Pretrial Conference held in this matter on July 25, 2025, counsel for the Defendants agreed to provide Plaintiff access to the eighteen vessels in Pennantia's fleet (the "Vessels") to inspect them. Although DC's counsel's letter to the Court claims that the inspections did not contemplate persons other than Pennantia's personnel attending the inspections, this position cannot be harmonized with the discussions before the Court at the Pretrial Conference.

At the Pretrial Conference, the undersigned explained how Pennantia previously had obtained Rule D arrests of a number of the Vessels in connection with its contemplated sale of the Vessels. With respect to this week's inspections, the undersigned explained at the Pretrial Conference that access was needed for Pennantia to facilitate the current prospective purchaser to physically inspect the Vessels. Under such circumstances, it is not credible that only Pennantia's personnel would be boarding the Vessels.

Regarding the 3:29 pm email from RCM's counsel at Freehill, Hogan & Mahar ("Freehill") to Pennantia counsel, which DC's counsel attached to its letter to the Court, my Partner Gerald Morrissey explained in the attached response email at 4:36 pm (Ex. B) that:

> "we had already submitted the attached letter motion [(Doc. 14)] for filing before I received your email, and Mike [Frevola] has been on a plane since then as well. The letter motion therefore does not refer to you most recent email. However, your email reflects a similar (even expanded) version of the payment condition from earlier today, and another set of conditions for NDAs/non-solicits, training questions, liability waivers, copies of TWIKs [*sic*], and such, none of which are reasonable or required for owners' access. The relief sought from the Judge therefore remains fully appropriate and/or RCM should withdraw those conditions."

Indeed, DC's counsel's raising of safety, intellectual property, and confidentiality concerns in its letter response (Doc. 16), all could have (and should have) been raised at the Pretrial Conference, or later in the afternoon after the Pretrial Conference when my partner Gerald Morrissey wrote counsel for the Defendants to arrange for the specific inspections. In all events, the newly raised conditions on access should not have anything to do with Pennantia's own property (i.e., the Vessels, Vessel condition, and Vessel information).

Lastly, we are encouraged to report that last night Freehill confirmed that RCM will provide access to the Vessels requested for inspection in New York starting this morning without further conditions. While we have not yet received confirmation regarding access for inspections today in Galveston, we will continue to pursue agreement/confirmation on Galveston, and other Vessel inspections, in good faith.

We thank the Court for its prompt attention to this matter yesterday and we hope that no further assistance will be required to complete the Vessels' inspections.

Respectfully submitted,

HOLLAND & KNIGHT LLP

  *s/  Michael J. Frevola*
Michael Frevola