# WATSON FARLEY & WILLIAMS

ATHENS BANGKOK DUBAI DUSSELDORF FRANKFURT HAMBURG HANOI HONG KONG LONDON
MADRID MILAN MUNICH NEW YORK PARIS ROME SEOUL SINGAPORE SYDNEY TOKYO

Via ECF

Honorable Sidney H. Stein
United Stated District Court Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

July 29, 2025

**Pennantia, LLC v. Rose Cay Maritime, LLC and Dove Cay, LLC**
**25-cv-5904 SHS**

Dear Judge Stein:

We represent Defendant Rose Cay Maritime, LLC ("RCM") and write in further response to the latest letter filed earlier today by counsel for the Plaintiff, Pennantia, LLC (ECF No. 18).

As we advised Your Honor's clerk, Ms. Blakeslee, last evening, we expressly reserved the right to respond to any subsequent filings by Plaintiff's counsel. While we are mindful of the Court's time and reluctant to burden it with additional submissions, we are compelled to address several material misstatements in Plaintiff's most recent filing.

Contrary to Plaintiff's representation, the $1.6 million payment due to Defendants, RCM and Dove Cay, LLC ("Dove Cay"), was not initially deposited into the "Vessel Operating Account." As was noted in the prior correspondence of co-defendant Dove Cay (ECF No. 16), Plaintiff remitted the funds to a "revenue" account under its exclusive control. It appears that after close of business yesterday Plaintiff subsequently transferred the funds to the Vessel Operating Account – where they belonged in the first instance. However, it remains true that as of yesterday, neither DC nor RCM had access to the funds. Access became available only today. Consistent with the limited agreement reached during Friday's hearings, Defendants will apply the $1.6 million to their ongoing operational costs.

While we understand vessel inspections are now underway, we must again correct the record regarding Plaintiff's description of the process. The inspections Plaintiff is performing extend well beyond a standard "owner's inspection" and include participation by multiple individuals affiliated with a direct competitor to RCM

Watson Farley & Williams LLP 120 West 45th Street 20th Floor New York New York 10036 T +1 212 922 2200 F +1 212 922 1512 wfw.com

Watson Farley & Williams LLP is a limited liability partnership that (or a WFW Affiliated Entity) has an office in each of the cities listed above.

and Dove Cay as well as Plaintiff's attorney (Mr. Morrissey) and an attorney representing the third-party competitor. Plaintiff's counsel did not disclose during the hearing on Friday that attorneys would attend the inspections, nor did they disclose that the inspection teams would comprise eight individuals (six in New York and two in Galveston). The names of these individuals (without disclosure of their corporate affiliation, which we had to determine independently) were only provided in the afternoon of Sunday, August 27, 2025. To complain that RCM and Dove Cay should not have their own counsel present, considering the delegation Plaintiff sent to the Vessels (without proper, intrinsically safe equipment – which could lead to a catastrophic explosion on the tank barges and clearly violates Defendants' safety policy and procedures), is unreasonable.

RCM is contractually entitled to reimbursement of "all costs, loss, damages and expenses (including legal costs on a full indemnity basis) which Managers [RCM] may suffer or incur in the course of the performance of [the Shipman management agreement]." (Shipman cl. 17(c)). RCM's lawyer is a former Coast Guard officer with significant experience with vessel inspections and safety. Reasonable advance notice should be given to ensure proper safety measures are in place, that counsel can be present, and compensated as contractually obligated by Pennantia. Pennantia's commencement of litigation has caused RCM, and Dove Cay, to incur significant costs and expenses. Both RCM and Dove Cay ask that the Court require Plaintiff to honor its contractual reimbursement obligation for legal costs and expenses, including for the mediation, under the broad indemnity in clause 17 of the governing Shipman management agreement (the "Shipman").

Plaintiff's assertion that Defendants did not raise during Friday's hearings safety or regulatory concerns regarding the inspections is simply incorrect. Even prior to the conference last Friday, RCM and Dove Cay raised these concerns while fully cooperating with a round of inspections by Plaintiff's surveyors (not attorneys and competitors) as is customary.

While the extent of Plaintiff's inspections is unclear, they should be limited to assessing the condition of the Vessels and reviewing non-proprietary information. Should any individual attempt to exceed this scope – for example, by engaging with crew members or seeking access to proprietary or confidential information belonging to RCM or Dove Cay – Defendants reserve the right to immediately terminate the inspection.

Finally, while additional issues may be addressed during tomorrow's mediation, it is most concerning to the Defendants that despite the flurry of Plaintiff's demands upon Dove Cay and RCM, Plaintiff continues to ignore its basic obligations under the Shipman between Plaintiff and RCM, including: ignoring the New York City Economic Development Corporation's notice to vacate the wharf where some of the Vessels are presently moored; failing to pay third party vendors' outstanding invoices (which is damaging RCM's and Dove Cay's reputations), and ignoring RCM's request for a plan for an orderly transition of the Vessels on August 1, 2025, pursuant to RCM's termination of the Shipman (including the now fully loaded RCM 270). We appreciate the Court's ongoing efforts in managing this matter and trust that Plaintiff and its representatives will proceed with the inspections appropriately, thereby avoiding the need for further judicial intervention.

Respectfully,

**John Kissane**

cc:     All counsel via ECF