# Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Michael Frevola, Partner
212.513.3516

July 31, 2025

Honorable Sidney H. Stein
United Stated District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY

Re: 25-cv-5904, Pennantia, LLC v. Rose Cay Maritime, LLC and Dove Cay, LLC
Urgent Request for a Conference or Intervention to Enforce the Court's Directive and Agreement on the Payment and Use of Newly Deposited Funds for Current Vessel Operations

Your Honor,

We represent Plaintiff Pennantia, LLC ("Pennantia") and urgently write to apprise the Court, and seek a conference or Court intervention, concerning serious and distressing actions taken and being taken by Defendants Rose Cay Maritime, LLC ("RCM") and Dove Cay, LLC ("DC") (collectively "Defendants"). Further to the matters addressed in the report and request submitted this morning, Pennantia discovered today the entire $1.6 million that Pennantia agreed to pay into the Vessel Operating Account was discreetly transferred by RCM to DC.

It was discovered that RCM directed a highly unusual direct wire transfer to DC, skipping the normal business process of using the ibill.com account for payment of legitimate invoices for vessel operations. The payment to DC has no allocation to any current vessel operating expenses, nor any disclosed purpose at all, and is directly inconsistent with the intended use of those funds for current vessel operating expenses. The basis for the $1.6 million funding was RCM's and DC's representation to the Court during the Preliminary Conference on June 25, 2025 that $1.6 million was the amount needed for current vessel operations for a 30-day period.

Based on information and belief, it appears that RCM and DC directed the funds out of the Vessel Operating Account to again pay themselves for disputed DC Credit Receivables amounts, not current vessel operations, like it apparently did with the $2.3 million transfer on July 11, 2025. Although discovered today, the underlying bank records show that the wire was initiated on Tuesday, *prior to the mediation*, and was not disclosed during the mediation, even though these matters were the direct subject of the mediation.

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia | Portland
Richmond | San Francisco | Seattle | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Pennantia's discovery of the wire transfer was precipitated earlier today when it was attempting to reconcile the Vessel Operating Account balances and bill.com balances in response to bill.com records showing that *during the mediation, at 2:30 pm yesterday afternoon,* RCM cleaned out the bill.com account in two transfers to DC of $318,000.26 and $445,010.31.

The inspect conduct is similar to, but worse than, Defendants' actions on July 11, 2025, when RCM/DC manipulated the account balances to nearly deplete then and create the appearance of a liquidity crisis that should not have existed, and deprived Pennantia of funds intended for payment of legitimate vessel operating costs. Here, these new funds were specifically deposited for current vessel operations costs, not from RCM and DC to again pay themselves disputed sums and preventing availability of funds for current vessel operations, such as payment of current third-party vendors. RCM and DC are now actually creating a liquidity crisis. Pennantia has no confidence that it can even deposit new operating funds for fear that they will be misappropriated.

Defendants' conduct is at odds with the intended use of the $1.6 million, with its fiduciary obligations as manager, and with the spirit and intent of the discussions and directions at the Preliminary Conference. We therefore respectfully request the Court's urgent intervention.

Respectfully submitted,

HOLLAND & KNIGHT LLP

*s/ Michael J. Frevola*
Michael Frevola