# Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Michael J. Frevola, Partner
212.513.3516

August 5, 2025

Honorable Sidney H. Stein
United Stated District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY

**Re:    25-cv-5904, Pennantia, LLC v. Rose Cay Maritime, LLC and Dove Cay, LLC**
<u>**Request for Order Directing Production of Purported Subcontract Agreement**</u>

Your Honor,

      We represent Plaintiff Pennantia, LLC ("Pennantia") and write for an order that is directly pertinent to the maritime lien issues pending before Your Honor scheduled to be heard a week from now (i.e., Tuesday, August 12). During the conference with Your Honor on Friday, August 1, Your Honor granted counsel for Defendant Dove Cay, LLC's ("DC") request for additional time to file its brief on the maritime lien issues, originally due on August 1, to August 4. DC's brief was filed yesterday and Pennantia's response is due this Friday, August 8.

      Your Honor may recall that – at the conference before Your Honor on Friday, July 25 – counsel for Defendants Rose Cay Maritime, LLC ("RCM") and DC advised the Court that they would comply with the loading of the *Tug LYNNE ROSE* and *Tank Barge RCM 270* (the "Vessels") (then located in the U.S. Gulf) and see through the delivery of the loaded cargo to its third-party receiver at the delivery port of Los Angeles. At the time of the conference on Friday, August 1, the Vessels were transiting to the Panama Canal. On Saturday, August 2, counsel for DC advised counsel for Pennantia that DC had arrested the Vessels in Panama and sought over $29 million (the full amount of lien claims pending before this Court) from the Vessels and Pennantia.

      We have provided for the Court's information a translation of the Panamanian complaint for Your Honor's reference. As can be seen, the complaint filed by DC in the Panamanian court does not mention the existence of this proceeding pending before Your Honor, nor the fact that briefing is pending before this Court on the issue of DC's claimed maritime liens.

      DC's arrest papers filed with the Panamanian court apparently include multiple documents supporting its claimed maritime liens and right to arrest the Vessels (*see* Panamanian complaint, "Evidence" section, at pp. 9-10). We have not been provided these documents and have not been able to obtain them. Pennantia's local counsel in Panama has advised that the full set of documents was served on the Vessels, but are not available currently from the Panamanian court. As the Vessels are manned and managed by the Defendants, the Defendants both arrested the Vessels (through DC) and have accepted service of the arrest papers.

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia | Portland
Richmond | San Francisco | Seattle | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

As can be seen from the allegations of the Panamanian complaint, one of those documents is a purported "Crew and Technical Management Agreement" dated April 14, 2022 (the "CTMA") allegedly between RCM and DC that accompanied the Panamanian complaint as Exhibit 4:

> THIRD: On April 14, 2022, the plaintiff [i.e., DC] **_signed a technical management and crew management agreement_** for motor vessels ("Crew and Technical Management Agreement" hereinafter "CTMA") with ROSE CAY MARITIME, LLC (hereinafter "RCM"), registered in Delaware, USA (Exhibit No. 4). (emphasis added).

Leaving aside for now whether DC's actions give rise to a potential right to an anti-suit injunction[1] or a claim for abuse of process – not to mention what breach of disclosure obligations may have occurred with respect to advising the Panamanian court of the existence and status of this proceeding – Pennantia never has seen the CTMA despite it purportedly existing for nearly three and a half years. Indeed, Pennantia and RCM engaged in extensive discussions in May and June 2022 regarding RCM's retention of DC as the technical manager – which discussions did not result in an agreement being reached as to a RCM's retention of DC – yet no mention of the purported April 14, 2022 CTMA ever was made, despite that agreement purportedly having been executed mere weeks earlier on the very topic that Pennantia and RCM were discussing.

Furthermore, the Court will note that DC's opposition brief filed with this Court yesterday rely on the purported existence of a contract, arguing as follows:

> The Shipman between Pennantia and RCM does not prohibit Dove Cay from charging markup and interest for services provided by Dove Cay. The fact that RCM may have agreed to provide services to Pennantia "at cost" and without markup or interest has no legal effect on Dove Cay's provision of services to the Vessels **_pursuant to its agreement with RCM_**. Dove Cay is not a party to the Shipman. Its rights and pricing terms arise exclusively from **_its own contractual relationship entered into with RCM_**, as the authorized agent of Pennantia and is not governed by the terms of the Shipman.

DC Memorandum of Law [Doc. 32], at 13 (PDF page 18 of 24) (emphasis added).

Last night, the undersigned requested from counsel for DC copied of the "Evidence" submitted to the Panamanian court. As mentioned above, the Vessels received the arrest papers and those papers were delivered to DC's hired crew. In response, DC's counsel stated:

> Will endeavor to seek to get you the requested documents pulled together and sent across if / when available. However, for sake of clarity, **_will also be guided by Panamanian counsel w/r/t obligation to provide any of the same in the first instance_**. Trust you understand the position. (emphasis added)

---

[1] While U.S. courts do not favor the use of anti-suit injunctions, the one area in which U.S. courts will issue an anti-suit injunction is to protect the jurisdiction of a U.S. tribunal. *See*, *e.g.*, *Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Info. Technologies, Inc.*, 369 F.3d 645, (2d Cir. 2004) (noting that anti-suit injunction against parallel litigation may be imposed where (a) the parties are the same in both matters, and (b) resolution of the case before the enjoining court is dispositive of the action to be enjoined). Here, with the defendants before this Court and the maritime lien issue pending before this Court to be considered at a hearing next week, DC appears to have sought to try to use a foreign court proceeding as yet another attempt to foil Pennantia's efforts to sell its fleet.

A copy of the email exchange between counsel is annexed for the Court's reference.

  DC's lien claims rely on the alleged existence of a RCM-DC contract (the CTMA) which: (1) Pennantia never has seen, (2) has not been submitted to this Court, but (3) apparently **_has_** been submitted as evidence and relied upon expressly by DC in the Panamanian action. Your Honor is scheduled to hear argument on the legitimacy of DC's maritime lien claims within this next week. Obviously, the CTMA, the **_contract_** upon which over $16 million of those claims are based – and whether that contract actually came into existence in April 2022 as apparently claimed by DC (at least in Panama) – is a tremendously important document. That claimed contract – including its purported billing terms, whether DC memorialized relying upon the credit of the Pennantia vessels, what rights DC had to apply payments, and the claimed markup charges upon which more than $16 million of DC's maritime liens are based – all are fundamental to whether DC has a maritime lien at all. If DC is relying on a claimed agreement in its legal argument, if this Court is to give any evidentiary consideration to that argument, DC must produce that purported contract (and the documents surrounding its alleged creation) **_now_** so that Pennantia may address it in its briefing due this coming Friday. Pennantia deserves to have immediate access to the CTMA, as well as any correspondence between DC and RCM regarding the negotiation, creation, and execution of the CTMA. DC saw fit to produce that purported document in Panama, but not to this Court. This reeks of gamesmanship and should not be tolerated.

  Because the date when the CTMA was created is a critical issue – for example, an after-the-fact contract later created and backdated supports Pennantia's position that DC's lien claims are made up out of whole cloth – Pennantia should be entitled to the (1) the execution version of the CTMA dated April 14, 2022 (if having PDF signatures, the PDF a format capable of determining the date that the document was created); (2) the native electronic version of the document, with original "properties" information and metadata; and (3) contemporaneous email communications attaching signed document when it purportedly was executed in April 2022, once again, in a format that the date of the emails can be verified. As Pennantia seeks to use this data for its brief due this Friday and will need to have the documents forensically examined before that date, we ask that Your Honor order the immediate production of these documents that are fundamental to the maritime lien issue currently pending before Your Honor. While Pennantia does not believe that requiring DC to produce this limited set of documents is objectionable or burdensome – especially in light of the CTMA already being produced for filing in Panama – Pennantia does not desire to delay this Court's hearing the maritime lien issue as a matter of urgency. If immediate production is not ordered, Pennantia requests at the very least that the Court order DC and RCM to preserve the documents falling into the categories described above and reserves its right to argue these points further subsequently if the documents are not produced now.

  We thank Your Honor for his attention to this matter, and look forward to receiving the Court's decision.

Respectfully submitted,

HOLLAND & KNIGHT LLP

 _s/ Michael J. Frevola_
Michael J. Frevola

# Panama Complaint Translation

TRANSLATION

| COMPLAINT AND REQUEST FOR ARREST ********** **** URGENT REQUEST BASED ON ART. 15 OF THE CPM | MIXED MARITIME PROCESS | DOVE CAY, LLC vs.- M/V "LYNNE M. ROSE" and Barge "RCM 270" (In Rem) and LYNNE M. ROSE, LLC, RCM 270, LLC and PENNANTIA, LLC (In Personam) |
|---|---|---|

JUDGE OF THE MARITIME COURT OF PANAMA (ON DUTY):

We, MORGAN & MORGAN, attorneys at law, with offices located at MMG Tower, 23rd floor, Paseo del Mar Avenue, Costa del Este, Panama City, acting as Unofficial Managers of DOVE CAY, LLC (hereinafter the "plaintiff"), a company incorporated in Delaware, USA, with address at 1321 Upland Drive, Ste. 20183, Houston, Texas 77043, USA, appear before you, with all due respect, in order to, pursuant to Article 532 and other concordant articles of the Code of Maritime Procedure, bring a MIXED MARITIME PROCEEDING against the motor vessels M/V "LYNNE M. ROSE," a tugboat registered in the USA, with Call Sign WDN2401 and IMO No. 9753179, which provides towing for the barge "RCM 270", registered in the USA (both In Rem), and against LYNNE M. ROSE, LLC, a company incorporated in Delaware, USA, to the best of our knowledge and belief, with address at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, USA, RCM 270, LLC, a company incorporated in Delaware, USA, to the best of our knowledge and belief, with address at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, USA, and PENNANTIA, LLC, a company incorporated in Delaware, USA, to the best of our knowledge and belief, with address at 411 West Putnam Avenue, Greenwich, Connecticut 06830, Suite 425, USA (all In Personam), that the following be issued Declarations: (1) that the defendants in rem are liable vis a vis the plaintiff for the sum of US$3,220,752.29 with respect to the vessel

1

"LYNNE M. ROSE" and US$1,358,858.52 with respect to the barge "RCM 270," which amounts must be paid to the plaintiff, plus interest, costs, and expenses of the proceedings; and (2) that the defendants in personam are jointly and severally liable vis a vis the plaintiff for the sum of US$29,409,943.02, which amounts must be paid to the plaintiff, plus interest, costs, and expenses of the proceedings. As a result of the foregoing, we request that the defendants in rem be ordered to pay US$3,220,752.29 with respect to the M/V "LYNNE M. ROSE" and US$1,358,858.52 with respect to the barge "RCM 270," and that the defendants in personam be ordered jointly and severally to pay US$29,409,943.02, all in addition to interest, costs, and expenses of the proceedings.

We base our claim as follows:

    I.      FIRST CAUSE OF ACTION (IN REM).

FIRST: The plaintiff is a company that is engaged, inter alia, in providing technical administration services for crew management for motor vessels, tugboats, and barges.

SECOND: The defendants in rem are the M/V "LYNNE M. ROSE", a tugboat registered in the US, with radio letters WDN2401 and IMO No. 9753179 whose registered owner is LYNNE M. ROSE, LLC, a company incorporated in Delaware, USA, and the barge "RCM 270", registered in the US, whose registered owner is RCM 270, LLC, a company incorporated in Delaware, USA. The M/V "LYNNE M. ROSE" is currently towing the barge "RCM 270," so the two sail together, integrated as a unit.

THIRD: On April 14, 2022, the plaintiff signed a technical management and crew management agreement for motor vessels ("Crew and Technical Management Agreement" hereinafter "CTMA") with ROSE CAY MARITIME, LLC (hereinafter "RCM"), registered in Delaware, USA (Exhibit No. 4).

FOURTH: RCM, in turn, signed a motor vessel management contract ("Ship Management Agreement" hereinafter "SMA") under the SHIPMAN 2009 format with PENNANTIA, LLC, on August 8, 2021. Through this contract, RCM was obligated to provide technical management and crew management services for a fleet of tug barges beneficially owned by PENNANTIA LLC. This fleet included the tugboat "LYNNE M. ROSE" (formerly named "KIM M. BOUCHARD") and the barge "RCM 270" (formerly named "B.NO. 270"). The SMA is governed by U.S. substantive law, as established in its Clause 23 (Exhibit No. 5).

FIFTH: PENNANTIA, LLC had authorized RCM to execute the CTMA, as evidenced by a Power of Attorney granted by the former on August 26, 2021 (Exhibit No. 6).

SIXTH: In accordance with the CTMA, the plaintiff assumed the functions of PENNANTIA, LLC's fleet manager as established in the SMA.

SEVENTH: Under the CTMA, the plaintiff provided technical administration services and/or incurred expenses for various necessary supplies that benefited the M/V "LYNNE M. ROSE" and the barge #RCM 270, which have not been paid to date by the benefited vessels. According to Box 13, in accordance with Clause 9(a) of the SMA, the amounts owed to the plaintiff must be paid promptly, failing which a late payment interest of 3% per month will accrue.

EIGHTH: To date, the amounts owed to the plaintiff for administrative services and/or necessary supplies amount to US$3,220,752.29 with respect to the M/V "LYNNE M. ROSE" and US$1,358,858.52 with respect to the barge "RCM 270", as detailed in the note from the plaintiff's Finance Director attached as evidence to this claim, namely (Exhibit No. 9):

Tug LYNNE M ROSE

| Category | Amount/(USD) |
| --- | --- |
| CREW WAGES | $2,344,367.00 |
| MANAGEMENT SERVICES & NECESSARIES | $876.385.29 |
| **TOTAL** | **$3.220,752.29** |

Barge RCM270

| Category | Amount(USD) |
| --- | --- |
| CREW WAGES | $704,584.00 |
| MANAGEMENT SERVICES & | $654,274.52 |

NECESSARIES

TOTAL            $1,358,858.52

NINTH: This claim gives rise to a privileged maritime claim under the substantive law of the United States of America, applicable to this dispute as prescribed by Article 566 (13) of the Maritime Procedure Code (MPC).

TENTH: Indeed, pursuant to the Commercial Instruments and Maritime Liens Act of the United States of America (CIMLA)–specifically, Sections 31342 and 31341–plaintiff has a maritime lien by virtue of the "necessaries and supplies" to the defendant motor vessel. Sections 31342 and 31341 of the CIMLA read as follows (see Exhibit No. 15):

"..
§31342. ESTABLISHING MARITIME LIENS
(a) Except as provided in subsection (b) of this section, **a person providing necessities to a vessel** on the order of the owner or a person authorized by the owner–
   (1) **has a maritime lien on the vessel;**
   (2) may bring a civil action in rem to enforce the lien; and
   (3) is not required to allege or prove in the action that credit was given to the vessel.

**(b) 32 This section does not apply to a public vessel.**
..."
(The underlining is ours).


"...
§31341. PERSONS PRESUMED TO HAVE AUTHORITY TO PROCURE NECESSARY
(a) The following persons are presumed to have authority to procure necessaries for to vessel:
(1) the owner;
(2) the master;
(3) a person entrusted with the management of the vessel at the port of supply; or
(4) an officer or agent appointed by--
(A) the owner;
(B) a charterer;
(C) an owner pro hac vice; or

4

(D) an agreed buyer in possession of the vessel.

(b) A person tortiously or unlawfully in possession or charge of a vessel has not authority to procure necessaries for the vessel.
..."

**(translation into Spanish)**

ELEVENTH: The prominent American jurist, Thomas J. Schoenbaum, in his work "Admiralty and Maritime Law," explains that "necessaries," according to CIMLA, encompass a wide range of goods and services useful to the vessel, for to keep her out of danger, and to help her fulfill her particular function. We allow ourselves to transcribe what Prof. Schoenbaum points out in this regard (see exhibit No.17):

> .."
> The Meaning of "Necessaries"
> Beyond the services specifically named in the statute, the term "necessaries" is broadly constructed by the courts to mean any goods or services that "are useful to the vessel, keep her out of danger, and enable her to perform her particular function". What is important is the "apparent want of the vessel, not the character of the thing supplied". The application of this test depends on a case-by-case determination considering the function of particular vessel and the service or good involved. Necessaries may be money, skill, labor and personal services, as well as materials. The case law is clear that "necessaries" does not mean absolutely essential; rather, the tern refers to what is reasonably needed in the ship's business. Some examples of necessaries include pilotage services, wharfage and dockage, stevedoring services, special agent's services, two auxiliary engines, winches, bunkers, fish finding radar on a fishing boat, a dynamic positioning system on an offshore drilling vessel, and a lease of pipe used to load oil onto a vessel.
> ..."

**(translation into Spanish)**

TWELFTH: Consequently, Plaintiff has a maritime lien against the M/V "LYNNE M. ROSE" and the barge "RCM 270" under U.S. law.

II. SECOND CAUSE OF ACTION (IN PERSONAM).

THIRTEENTH: We state the facts alleged in the first cause of action. The defendants in personam are LYNNE M. ROSE, LLC, RCM 270, LLC, and PENNANTIA, LLC.

FOURTEENTH: Plaintiff has provided services and/or incurred expenses for necessary supplies not only for the benefit of the M/V "LYNNE M. ROSE" and the barge "RCM 270," but also for all motor vessels in the PENNANTIA, LLC fleet. The motor vessels that make up the fleet of PENNANTIA, LLC are the following:

1.) M/N "ANNA ROSE" (ex "'JANE A. BOUCHARD")
2.) MN "CINDY ROSE" (ex "BRENDAN J. BOUCHARD")
3.) M/N "JESSE ROSE" (ex "MORTON S. BOUCHARD IV")
4.) M/N "JOAN ROSE" (ex "'BOUCHARD GIRS")
5.) M/N "JORDAN ROSE" (ex "EVENING STAR")
6.) M/N "LYNNE M. ROSE" (ex "KIM M. BOUCHARD")
7.) M/ "REBEKAH ROSE" (ex "DANIELLE M. BOUCHARD")
8.) M/N "SUSAN ROSE" (ex "EVENING BREEZE")
9.) Barge "RCM 210"
10.) Barge "RCM 225"
11.) Barge "RCM 242"
12.) Barge "RCM 245"
13.) Barge "RCM 250"
14.) Barge "RCM 252"
15.) Barge "RCM 260"
16.) Barge "RCM 262"
17.) Barge "RCM 270"
18.) Barge "RCM 295"

FIFTEENTH: Under U.S. law, the registered owners of the motor vessels in the PENNANTIA, LLC fleet are jointly and severally liable for the unpaid debt owed to the plaintiff.

SIXTEENTH: This is stated by American attorney JOHN KISSANE, of the WATSON FARLEY & WILLIAMS LLP, whose legal opinion is attached as an exhibit to this complaint. In this regard, we hereby transcribe the following excerpt from said legal opinion (Exhibit No. 14):

> "...
> Here, the facts recited in section B sufficiently support the allegations of domination and control of Lynne M. Rose LLC or RCM 270 LLC by Pennantia necessary to state a prima facie case that Pennantia should be considered

6

the actual owner of the vessels LYNNE M. ROSE and RCM 270. The fact that all funds for the various Pennantia vessels, each owned by a separate company, were routinely, if not always, included, and that the expenses were paid from these funds without regard to what entity earned the funds is further proof that Pennantia disregarded, dominated and controlled Lynne M. Rose LLC or RCM 270 LLC which had no operations, employees or assets other than the vessels. Therefore, in my opinion, under US law, assets owned by Lynne M. Rose LLC (such as the tug LYNNE M. ROSE) and by RCM 270 LLC (such as the barge RCM 270) may be attached/arrested by creditors of Pennantia (in particular, by Dove Cay), in order to obtain security and eventual satisfaction of debts owed by Pennantia to those creditors. Accordingly, and for the above explained reasons, Lynne M. Rose LLC and RCM 270 LLC would effectively be jointly and severally liable for debts owed by Pennantia to creditors, such as Dove Cay.

**(translation into Spanish)**

SEVENTEENTH: To date, the total amount owed to the plaintiff by the entire PENNANTIA, LLC fleet amounts to US$29,409,943.02, broken down as follows by the plaintiff's Chief Financial Officer (Exhibit No. 9):

1.) Open crew wages as per statement dated 07/01/2025-US$13,004,356.00
2.) Annual technical management service & necessaries as per invoice DC20220000 dated
12/31/2022-**US$4,620,470.23**
3.) Annual technical management service & necessaries as per invoice DC20230000 dated
12/31/2023-**US$5,225,176.43.**
4.) Annual technical management service & necessaries as per invoice DC20240000 dated
12/31/2024-**US$4,903,017.26.**
5.) Pro rata technical management service & necessaries as per invoice DC20250001 dated
5/1/2025- **US$1,656,923.10.**

**These items add up to a TOTAL of US$29,409.943.02**

**(translation into Spanish)**

EIGHTEENTH: Therefore, LYNNE M. ROSE, LLC (owner of the M/V "LYNNE M. ROSE") and RCM 270, LLC (owner of the barge" RCM 270") are jointly and severally liable for the total amount owed to the plaintiff for services and goods provided to the motor vessels of the PENNANTIA, LLC fleet.

NINETEENTH: The defendants in personam are jointly and severally liable for the sum of US$29,409,943.02 vis a vis the plaintiff, plus interest, costs, and expenses of the proceedings.

PETITION: Based on the foregoing, we request that the Court CONDEMN the defendants in rem and in personam, jointly and severally, and that, consequently, THE FOLLOWING DECLARATIONS and CONDEMNATIONS BE ISSUED, as follows:

(1) that the defendants *in rem* are liable vis a vis the plaintiff for the sum of US$3,220,752.29 with respect to the M/V "LYNNE M. ROSE" and US$1,358,858.52 with respect to the barge "RCM 270," which sums must be paid to the plaintiff, plus interest, costs, and expenses of the proceedings, and

(2) that the defendants *in personam*, they are jointly and severally liable vis-a-vis the plaintiff for the sum of US$29,409,943.02, which must be paid to the plaintiff, plus interest, costs, and expenses of the proceedings.

As a result of the foregoing, WE REQUEST that the defendants in rem be ordered to pay US$3,220,752.29 with respect to the vessel "LYNNE M. ROSE" and US$1,358,858.52 with respect to the barge *RCM 270", on the one hand, and that the defendants in personam be ordered jointly and severally to pay US$29,409,943.02, all of which are in addition to interest, costs, and expenses of the proceedings.

AMOUNT: In accordance with the provisions of Article 532 of the CPM, we estimate the defendant's amount at US$29,409,943.02 plus interest, costs, and expenses of the proceedings.

REQUEST FOR ARREST:

See Article 166 (2) and (3) of the Maritime Procedure Code, WE REQUEST the ARREST of the M/V "LYNNE M. ROSE", a US-registered tugboat with Call Sign WDN2401 and IMO No. 9753179, whose registered owner is LYNNE M. ROSE, LLC, and the barge "RCM 270", US-registered, whose registered owner is RCM 270, LLC, be declared inadmissible up to the amount of this claim, plus interest, costs, and expenses.

Process. The M/V "LYNNE M. ROSE" and the barge "RCM 270" are close to arriving in Panamanian jurisdictional waters in the port of Cristóbal.

We attach the Judicial Deposit Certificates for US$1,000.00 and Deposit Slips for US$2,500.00, to comply with the provisions of Article 168 of the CPM.

We request the Marshall to obtain a copy of the motor vessel registration certificates and a copy of the Quarantine Declaration from the Panama Canal Authority.

WE AUTHORIZE THE COURT TO WORK DURING NON-BUSINESS HOURS, IF NECESSARY, IN ORDER TO COMPLY WITH THE DILIGENCES REQUESTED HEREIN.

SPECIAL REQUEST: We request the Court to authorize the arrest of the M/V "LYNNE M. ROSE" along with the barge "RCM 270" at its expense, risk, and responsibility, if requested by its agents.

UNOFICIAL MANAGEMENT: We request the Court to consider us as attorneys in Fact of DOVE CAY, LLC, for which we provide the respective bond of US$1,500.00.

REQUEST FOR CERTIFICATION:

Based on paragraph 58 of Article 58 of the CPM, we request the Clerk of the Court to issue a certification attesting to the filing of this petition.

EVIDENCE:

1.) Copy of the certificate of registration in Delaware, USA, of DOVE CAY, LLC.
2.) Copy of the certificate of registration in Delaware, USA, of LYNNE M. ROSE, LLC.
3.) Copy of the Delaware, USA, registration certificate for RCM 270, LLC.
4.) Copy of the CTMA dated April 14, 2022, between DOVE CAY LLC and ROSE CAY MARITIME, LLC.
5.) Copy of the SMA dated August 8, 2021, between PENNANTIA, LLC and ROSE CAY MARITIME, LLC.
6.) Copy of the POA dated August 26, 2021, between PENNANTIA, LLC and ROSE CAY MARITIME, LLC.
7.) Copy of the Statement of Account for crew wages paid on July 1, 2025.
8.) Copy of invoices DC20220000 [dated December 31, 2022], DC2023000 [dated December 31, 2023], DC20240000 [dated December 31, 2024], and DC20250001 [dated May 1, 2025].
9.) Copy of notes from DOVE CAY, LLC detailing amounts owed

9

10.) Printouts from the SeaWeb database regarding the M/V "LYNNE M. ROSE" M/V "CINDY ROSE", M/V "JESSE ROSE", M/V "JOAN ROSE", M/V JORDAN ROSE, M/V *REBEKA ROSE", and M/V "SUSAN ROSE".
11.) Copy of US Coast Guard Certificate of Title regarding the M/V "LYNNE M. ROSE"
12.) Copy of US Coast Guard Certificate of Title regarding the M/V RCM 270
13.) Copies of "Notices of Claim of Liens" filed with the US Coast Guard regarding motor vessels in the PENNANTIA, LLC fleet.
14.) Copy of the legal opinion of U.S. Attorney JOHN KISSANE of the firm WATSON FARLEY & WILLIAMS LLP
15.) Copy of the Commercial Instruments and Maritime Liens Act of the United States of America;
16.) Copy of the relevant pages from the "Maritime Law Deskbook" by Charles M. Davis;
17.) Copy of the relevant pages from the work "Admiralty and Maritime Law" by Thomas J. Schoenbaum;
18.) Printout from the ACP database on the arrival of the M/V "LYNNE M. ROSE"

We will present other relevant documentary, testimonial, and expert evidence, as well as any necessary translations, in due course.

LAW: Articles 19, 58, 166 (2) and (3), 183, 530, 532, and other concordant articles of the Code of Maritime Procedure; substantive law of the United States.

Panama, as of the date of submission.

**MORGAN & MORGAN.**

Francisco J. Linares F.

# Communications between Counsel

# Frevola, Michael J (NYC - X73516)

| | |
|---|---|
| **From:** | Kevin Lennon <kjl@lmplaw.net> |
| **Sent:** | Monday, August 04, 2025 7:01 PM |
| **To:** | Frevola, Michael J (NYC - X73516); Morrissey, Gerald A (WAS - X75497); Denig, F. R (NYC - X73560); Kalogjera-Sackellares, Chiara D (NYC - X73584) |
| **Cc:** | Patrick Lennon; Steven Winters; Elliott Williams; John Kissane; Celinda Metro |
| **Subject:** | RE: Tug LYNNE M. ROSE/ Barge RCM 270 --Arrest in Panama |

*[External email]*

Mike,

Thanks for your email. I was out of commission the last half of this afternoon due to some dental work and just getting back up to speed.

Will endeavor to seek to get you the requested documents pulled together and sent across if / when available. However, for sake of clarity, will also be guided by Panamanian counsel w/r/t obligation to provide any of the same in the first instance. Trust you understand the position.

Thanks,

Kevin J. Lennon



| **New York** | **Connecticut** |
|---|---|
| The Graybar Building | 1599 Post Road East |
| 420 Lexington Avenue – Suite 300 | Westport, CT 06880 |
| New York, NY 10170 | (T) (203) 256-8600 | (F) (203) 256-8615 |
| (T) (212) 490-6050 | (F) (212) 490-6070 | |

klennon@lmplaw.net
www.lmplaw.net  -  (203) 521-9360 – mobile

*The highest compliment our clients can give us is to recommend us. We appreciate your referrals!*

The information contained in this e-mail message is confidential and privileged, and is intended only for the use of the named receiver. If you are not the named receiver, or the person responsible for delivering this e-mail message to the named receiver, you are notified that any use of this e-mail message or its contents, including any dissemination or copying, is strictly prohibited. If you have received this e-mail message in error, please immediately notify Lennon Murphy & Phillips by telephone at (203) 256-8600, and destroy the original message. Thank you.

---

**From:** Michael.Frevola@hklaw.com <Michael.Frevola@hklaw.com>
**Sent:** Monday, August 4, 2025 3:43 PM
**To:** Kevin Lennon <kjl@lmplaw.net>; Gerald.Morrissey@hklaw.com; Robert.Denig@hklaw.com; Chiara.Sackellares@hklaw.com

**Cc:** Patrick Lennon <plennon@lmplaw.net>; Steven Winters <SRW@lmplaw.net>; Elliott Williams <elliott.williams@lmplaw.net>; John Kissane <JKissane@wfw.com>; Celinda Metro <cmetro@wfw.com>
**Subject:** RE: Tug LYNNE M. ROSE/ Barge RCM 270 --Arrest in Panama

Hi Kevin:

I just left you a voicemail requesting that you provide to Pennantia the documents that were submitted in support of the Panamanian arrest, including but not limited to:

- Certified registrations for Dove Cay, Rose Cay Maritime, Lynne M. Rose LLC, RCM 270 LLC, and Pennantia LLC.
- CTMA and Power of Attorney.
- Invoices, financial breakdowns, and liens registered with the U.S. Coast Guard.
- Legal opinion from John Kissane confirming the enforceability of maritime liens.
- Schoenbaum excerpt

I look forward to hearing from you. Thanks.

Best regards,
Mike

**Michael Frevola** | **Holland & Knight**
Phone 212.513.3516 | Mobile 516.521.6365 | Fax 212.385.9010

---

**From:** Kevin Lennon <kjl@lmplaw.net>
**Sent:** Saturday, August 02, 2025 9:27 PM
**To:** Frevola, Michael J (NYC - X73516) <Michael.Frevola@hklaw.com>; Morrissey, Gerald A (WAS - X75497) <Gerald.Morrissey@hklaw.com>; Denig, F. R (NYC - X73560) <Robert.Denig@hklaw.com>; Kalogjera-Sackellares, Chiara D (NYC - X73584) <Chiara.Sackellares@hklaw.com>
**Cc:** Patrick Lennon <plennon@lmplaw.net>; Steven Winters <SRW@lmplaw.net>; Elliott Williams <elliott.williams@lmplaw.net>; John Kissane <JKissane@wfw.com>; Celinda Metro <cmetro@wfw.com>
**Subject:** Tug LYNNE M. ROSE/ Barge RCM 270 --Arrest in Panama

*[External email]*
LMP 6816

Dear All,

     Please see attached papers from Panamanian arrest. Auto No. 239 is the admittance of the complaint. Auto No.240 is the arrest order.

     Earlier today the Marshall served these papers on the Master which formally constitutes the arrest.

Regards,

Kevin J. Lennon



| *New York* | *Connecticut* |
|---|---|
| The Graybar Building | 1599 Post Road East |
| 420 Lexington Avenue – Suite 300 | Westport, CT 06880 |
| New York, NY 10170 | (T) (203) 256-8600 | (F) (203) 256-8615 |
| (T) (212) 490-6050 | (F) (212) 490-6070 | |

klennon@lmplaw.net
www.lmplaw.net  -  (203) 521-9360 – mobile

*The highest compliment our clients can give us is to recommend us. We appreciate your referrals!*

The information contained in this e-mail message is confidential and privileged, and is intended only for the use of the named receiver.  If you are not the named receiver, or the person responsible for delivering this e-mail message to the named receiver, you are notified that any use of this e-mail message or its contents, including any dissemination or copying, is strictly prohibited.  If you have received this e-mail message in error, please immediately notify Lennon Murphy & Phillips by telephone at (203) 256-8600, and destroy the original message.  Thank you.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.