# Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Michael Frevola, Partner
212.513.3516

August 6, 2025

Honorable Sidney H. Stein
United Stated District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY

Re:   25-cv-5904, Pennantia, LLC v. Rose Cay Maritime, LLC and Dove Cay, LLC
      <u>Request for Order Directing Lifting of Panamanian Arrest</u>

Your Honor,

    We represent Plaintiff Pennantia, LLC ("Pennantia"). As reported to Your Honor by letter yesterday, Defendant Dove Cay, LLC ("DC") arrested the *Tug LYNNE ROSE* and *Tank Barge RCM 270* (the "Vessels") in Panama on or about Saturday, August 2, while the Vessels were en route to deliver a cargo owned by a third-party charterer PBF Holding Company LLC ("PBF") to PBF's customers in California. Despite Pennantia having significant objections to the Panamanian arrest, Pennantia did not raise the propriety of the Panamanian arrest on its own behalf in light of the Court's comments during the conference call with counsel for the parties on August 1, 2025, that issues dealing with damages arising out of breaches of the Ship Management Agreement will be dealt will during the course of the parties' lawsuit.

    However, we were contacted late yesterday by counsel for PBF with respect to the impact that the Panamanian arrest is having – and is further expected to have – on third-party PBF. PBF requested that Pennantia submit this letter to the Court and we are doing so (1) in order to cooperate with Pennantia's customer PBF, and (2) in an effort to mitigate the damages that PBF and Pennantia will sustain if DC continues to hold the Vessels under arrest and does not deliver the cargo to California as it represented to Your Honor that it would do.

    Accompanying this letter is the Declaration of Keith Long, PBF's Senior Director of Chartering and Operations, dated August 6, 2025 (the "Long Declaration"), attesting to the injuries that the Panamanian arrest will cause to PBF unless the Panamanian arrest is lifted promptly. Indeed, it is likely that the first delivery window would not be met unless DC lifts the arrest tomorrow.

    Pennantia has retained Panamanian counsel and is in the process of preparing an application to vacate the arrest of the Vessels. While the Panamanian courts typically act reasonably promptly to vessel arrests, even if Pennantia succeeds in its Panamanian motion to

2 –   Honorable Sidney H. Stein
      August 6, 2025

vacate it is unlikely that the arrest of the Vessels will be lifted in time to avoid PBF sustaining its damages (and those damages then being passed on to Pennantia and, if Pennantia succeeds in vacating the Panamanian arrest, being passed on to Defendants). Hence, Pennantia seeking an order from this Court is the most likely avenue of obtaining relief prompt enough to avoid PBF's sustaining the damages outlined in the Long Declaration.

As the Court has been advised, RCM and DC are the managers of the Vessels. They have full operational control of the Vessels, hence there is no possibility that the Vessels will somehow evade the jurisdiction of U.S. courts. DC would fully be able to arrest the Vessels in California after the PBF cargo had been discharged. All parties to this dispute are U.S. companies with U.S. ownership. RCM and DC advised the Court at the conference on July 25 that they would operate the Vessels to complete their voyage to California. And the issue of Defendants' maritime liens currently is before this Court and scheduled to be heard next Tuesday. Despite all of these factors, DC has acted to arrest the Vessels by order of a foreign court (which will prolong the time that it will be managing the Vessels and their crew, despite claims by Defendants' counsel that Defendants want to be rid of their managerial obligations).

Defendants could have arrested the Vessels before they loaded the PBF cargo. They can arrest the Vessels in California after the PBF cargo is discharged. Indeed, Pennantia is willing to submit the Vessels to arrest subject to the appropriate U.S. federal court in California (with Pennantia reserving its right to challenge the propriety of the arrest under Rule E of the Supplemental Rules) upon the Vessel's discharging of the PBF cargo. This would place Defendants in the exact same position that they would be currently but with the injury to third-party PBF avoided.

Pennantia has proposed this California arrest option to counsel for DC and DC's counsel has refused to agree to this proposal. Especially in light of Defendants' prior commitment – made before this Court – to complete the Vessels' voyage to discharge the PBF cargo in California, DC's actions reek of abuse of process (i.e., using properly issued process for improper means). Furthermore, under principles of judicial estoppel, Defendants should be held to their prior undertaking made to this Court to complete the Vessels' voyage to California without interruption. If DC intended to arrest the Vessels in Panama, then it should have advised this Court of that fact before the Vessels loaded and commenced their voyage.

Accordingly, we respectfully request that (1) the Court order DC to lift the Panamanian arrest of the Vessels, and (2) that the Court order Pennantia to submit the Vessels to the jurisdiction of the appropriate federal court in California for arrest after the discharge of the PBF cargo (subject to Pennantia's right to challenge that arrest subject to Supplemental Rule E). We thank Your Honor for his attention to this matter, and look forward to receiving the Court's decision.

Respectfully submitted,

HOLLAND & KNIGHT LLP

  s/ Michael J. Frevola
Michael Frevola

UNITED STATS DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

PENNANTIA, LLC,                                  :

    Plaintiff,                                    :    Case No. 25-cv-5904-SHS

v.                                                            :

ROSE CAY MARITIME, LLC,                    :
AND DOVE CAY, LLC,
                                                       :
-----------------------------------------------------------x

## DECLARATION OF KEITH LONG

1. My name is Keith Long and I am the Senior Director of Chartering and Marine Operations for PBF Holding Company LLC ("PBF").

2. PBF is engaged in the business of refining and supplying petroleum products such as bunker fuel, heating oil, petrochemical feedstocks and lubricants.

3. PBF is a 50% joint venture partner in St. Bernard Renewables LLC ("SBR"), an operating biorefinery located in Louisiana.

4. My responsibilities at PBF include the oversight and management of chartering operations for SBR and movement of SBR's biorefined product to customers.

5. The ATB LYNNE M. ROSE and RCM 270 ("Vessel") are an articulated tug and barge which SBR has time chartered from Pennantia, LLC ("Pennantia") pursuant to a SHELLTIME Charter Party dated May 2, 2023 (the "Charter").

6. SBR has learned that the Vessel was arrested in Balboa by Dove Cay, LLC ("Dove Cay"), following its transit through the Panama Canal while transporting two shipments of petroleum products (240,000 bbls of Renewable Diesel).

7. Pursuant to its Discharge Orders, SBR is required to deliver the two shipments as follows:

- Carson, CA (Kinder Morgan) – August 17-18, 2025 (145,000 bbls)
- Long Beach, CA (Marathon T2) - August 19, 2025 (100,000 bbls)

8. Rose Cay Maritime, LLC, which we understand is the manager for the Vessel and for which Dove Cay acted as crewing manager, has copies of the Discharge Orders and is aware of SBR's delivery deadlines.

9. The baseline transit time from Balboa to Carson is approximately 10.5 days, a transit which may be further delayed by poor weather conditions developing in the Pacific Ocean. The arrest of the Vessel has therefore compromised SBR's ability to timely deliver its shipment to Carson and, if the arrest is allowed to continue, will completely prevent SBR from making timely deliveries of its products to Carson and Long Beach.

10. If delivery deadlines in the Discharge Orders are not met, SBR is subject to the following damages: demurrage exposure for missing laycans (the time period within which the Vessel is expected to arrive at the port and be ready for cargo operations); commercial claims by the customers for late delivery; payment delays; and, pricing exposures for missing a beneficial market. In addition, SBR will have claims against Pennantia under the Charter for damages.

11. Given the continuing harm to SBR arising from the arrest of the Vessel, and as SBR is an innocent victim in the ongoing dispute between Pennantia, RCM and Dove Cay, we asked Pennantia to bring this matter to the Court's attention in an effort to secure a prompt release of the Vessel from the pending arrest so that the current voyage may be completed and SBR's cargo can be discharged.

Pursuant to 28 U.S.C. §1746, I declare that the foregoing is true and correct under penalty of perjury.

_____
Keith Long                          8/6/25

LEGAL\79430524\1

3