# Exhibit 11



Subject:    Amendment 8 to Letter of Agreement Concerning Rose Cay Fleet ("LOA")

**Dear Mr. Parker,**

1. The Parties mutually agree to enter into this **Amendment 8** of that certain August 3, 2021 LOA by and between Rose Cay Maritime, LLC ("**Company**") and Foss Maritime Company, LLC ("**Contractor**") for the Project, as extended by Amendment 1-7.   Terms not defined in this Amendment 8 shall be defined pursuant to the language of the LOA.

2. The parties have determined not to continue to negotiate on a Fleet Management Agreement

3. The parties mutually agree to work cooperatively to safely and efficiently transition the operation and technical management of each vessel covered under this LOA to Company, on the schedule set forth in Exhibit A; provided that, except as set forth expressly herein for the LYNNE M ROSE and RCM 270, the LOA will terminate on April 30, 2022. As each vessel completes the transition process to Company, the parties will execute a Protocol of Delivery and Acceptance (in the form attached as Exhibit B), execution thereof not to be unreasonably withheld, delayed or conditioned, memorializing that vessel's transition out of the scope of the LOA.

4. The parties may mutually agree in writing to extend the LOA termination date by one-week increments beyond the April 30, 2022 termination date.

5. Any and all disputes between Contractor and Company, including but not limited to a dispute arising out of or relating to the LOA, are to be submitted to confidential mediation administered under the Mediation Rules of the Society of Maritime Arbitrators, Inc. before resorting to other dispute resolution and before pursuing ancillary relief to obtain security or countersecurity and/or to arrest, attach or assert liens on each other's tangible or intangible property. The Mediator shall be a member of the Society of Maritime Arbitrators, Inc. unless otherwise agreed by the parties. The parties further agree that they retain and do not waive any rights, claims and defenses, including the right to pursue pre-judgment security, but have agreed to refrain and stay all such actions pending resolution of mediation.

6. Should any dispute remain outstanding at the conclusion of the mediation, the parties will meet and confer with participation of not less than two (2) board members of each company in attendance at a final settlement meeting to resolve the dispute and further agree to continue to refrain from pursuing ancillary relief to obtain security or countersecurity and/or to arrest, attach or assert liens on each other's tangible or intangible property.

7. Should any dispute remain outstanding at the conclusion of such meet and confer, the parties agree to continue to refrain from pursuing ancillary relief to obtain security or countersecurity and/or to arrest, attach or assert liens on each other's tangible or intangible property and further

agree that any remaining matter in dispute shall be referred to three (3) persons at New York, one (1) to be appointed by each of the parties hereto, and the third (3rd) by the two (2) so chosen; their decision or that of any two (2) of them shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The proceedings shall be conducted in accordance with the Rules of the Society of Maritime Arbitrators, Inc. The arbitrators shall be members of the Society of Maritime Arbitrators, Inc. The decision and any award of the arbitrators shall not be published by the Society of Maritime Arbitrators, Inc. and shall be kept confidential except as necessary to execute the arbitration award. The parties further agree that each side is to bear its own costs, fees and expenses for the arbitration and that the arbitrators may not issue an interim award directing either party to post security for part or all of a claim or counterclaim; shall not assess arbitration expenses and fees as provided in SMA Rules 15, 36 and/or 37; and shall not award attorneys' fees and costs incurred by either party. Following the issuance of the arbitration award, if the award remains unsatisfied as of the due date set therein, either party may pursue appropriate relief to recognize and/or enforce the arbitration award, including but not limited to obtaining security or countersecurity and/or to arrest, attach or assert liens on each other's tangible or intangible property.

8. The parties each desire an expeditious resolution of any dispute and shall use reasonable efforts to conclude the arbitration proceedings within one (1) year of a party's initiation of arbitration.

9. The parties further agree to the following:

   a) The parties will cooperate and use reasonable efforts to follow the schedule for transition as set out in Exhibit A;

   b) The parties will use reasonable efforts to ensure all cargoes to be loaded will be offloaded on or about the end of the term of the extended LOA. With the exception of the RCM 270 and LYNNE M ROSE, Company will not load a cargo that is expected to be discharged after the end of the term of the extended LOA, unless otherwise agreed in writing;

   c) The parties shall work to move the employment of certain crew members from Contractor's payroll to the Company or delegee;

   d) The RCM 252 and SUSAN ROSE shall be restricted to performing Jones Act service and lightering in the New York harbor unless Company provides two (2) days advance written notice that the vessels will undertake a voyage outside of New York harbor; provided that the vessels shall not lighter outside of New York harbor without the express prior written consent of Contractor's General Manager; and

   e) Foss will staff and operate the RCM 270 and LYNNE M ROSE with sufficient personnel for the vessels and their crew to be able to perform a round-trip voyage from US East Coast to US West Coast via the Panama Canal. Notwithstanding anything to the contrary contained herein, the parties agree that the terms of the LOA shall extend beyond termination until such time as the parties execute a Protocol of Delivery and Acceptance, execution thereof not to be unreasonably withheld, delayed or conditioned,

      memorializing the transition of the LYNNE M ROSE and RCM 270 out of the scope of the LOA.

10. Company has remitted $500,000 and will remit an additional $50,000 for operations through April 15, 2022. The parties have agreed to the below all-inclusive rates for each day after April 15 that Contactor operates a vessel listed on Exhibit A in two-week intervals. Further advanced funding remittances will be wire transferred on April 15 and every 15 days thereafter until the vessels listed on Exhibit A complete their service and are transitioned to Company and the parties execute a Protocol of Delivery and Acceptance. Contractor will refund to Company, via wire transfer within five (5) days, any advanced payments to the extent the payment for a particular vessel covered days after the Protocol of Delivery and Acceptance was executed by both parties.

    a. RCM 252 & SUSAN ROSE:        $7,898.20/day
    b. RCM 270 & LYNNE M. ROSE:   $16,651.83/day

With the exception of the RCM 262, the below vessels (c, e-g) are not currently crewed. Accordingly, no payment would be due for such vessels. RCM has notified Foss it may de-crew the RCM 262 on or before April 15, 2022. If and when such vessels are fully crewed or the RCM 262 remains fully crewed after April 15, 2022 the amount(s) set out below is an all-inclusive (and not to exceed) rate, as defined above, which would be included in the agreed 15-day budget and prefunded.

    c. RCM 225 & ANNA ROSE:        $8,165.26/day
    d. RCM 262:                            $1,547.40/day
    e. RCM 245 & REBEKAH ROSE:   $12,335.90/day
    f. RCM 250 & JORDAN ROSE:     $8,060.33/day
    g. RCM 260:                            $1,547.40/day

All the above all-inclusive rates include wages, fringe, travel, lodgings and meals of all Contractor's employees—mariners and shoreside staff. The above all-inclusive rates include a $250/vessel/day management fee. The RCM 270 and Lynne M. Rose all-inclusive rate also includes $3,276.53/day in shoreside costs consisting of the day costs for a Fleet Engineering, Port Engineer 1, Tank Barge Manager 1, Business Ops Manager, Port Captain 1, Marine Personnel Mgr, Tank Barge Manager 2.

Starting May 15, 2022, and every thirty (30) days thereafter, Contractor shall in good faith review the costs incurred, which excludes the management fee, of the all-inclusive rate for each of the above vessels. To the extent that Contractor's actual costs come in lower than projected costs, Contractor will credit such savings to Company against any amounts to be paid under this Amendment 8 to the LOA. Contractor will use best efforts to review shoreside staffing and in its reasonable but sole judgment, Contractor may decrease the daily shoreside costs accordingly. Any savings achieved shall be credited to the next 15-day budget period. In no event shall Contractor be required to remit funds to Company from review of the costs incurred.

The parties will mutually agree to security coverage required by applicable laws and regulations for vessels not currently in service. Should the parties be unable to reach agreement, the recommendation of the applicable USCG sector office shall control. Notwithstanding anything to the contrary hereunder, Company shall contract with and pay for such security coverage.

11. Other than as set forth in this Amendment 8, all terms of the LOA shall survive and continue as if fully incorporated into this Amendment 8.

12. In the event of a conflict between the terms of this Amendment 8 and the LOA, this Amendment 8 shall supersede and control.

Acknowledged and accepted by:

**Rose Cay Maritime, LLC**

By: *Alex Parker*
AC41B8EFEE54490...

Name: Alex Parker

Title: Authorized Person

**Foss Maritime Company, LLC**

By: *Sloane Perras*
07B88FA970714DE...

Name: Sloane Perras

Title: Corporate Secretary

# Exhibit A



Exhibit B

## PROTOCOL OF DELIVERY AND ACCEPTANCE

### KNOW ALL MEN BY THESE PRESENTS:

That FOSS MARITIME COMPANY, LLC ("Contractor") has transferred possession and control, and does hereby grant the delivery at \_\_\_\_\_.m. local time on this \_\_\_ day of _____, 2022 to **ROSE CAY MARITIME, LLC** ("Company"), of that certain U.S. flagged \_\_\_\_\_ [VESSEL NAME], Official Number _____ (the "Vessel"), pursuant to that certain Letter of Agreement by and between the Company and the Contractor dated August 3, 2021, as previously amended, said delivery taking place at _____, and

That the Company does hereby accept delivery of and to the aforesaid Vessel, subject to the terms of the aforesaid Letter of Agreement, the Vessel shall be removed from scope of the Letter of Agreement.

This Protocol of Delivery and Acceptance may be executed in counterparts and delivered via fax or electronic transmission and each such counterpart is deemed to be an original instrument and together constitute one Protocol of Delivery and Acceptance.

For and on behalf of Contractor:        For and on behalf of Company:

**FOSS MARITIME COMPANY, LLC**         **ROSE CAY MARITIME, LLC**

By: _____        By: _____
Name: _____        Name: _____
Title: _____        Title: _____