

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – Phone
(212) 490-6070 - Fax

1599 Post Road East
Westport, CT 06880
(203) 256-8600 – Phone
(203) 255-5700 - Phone
(203) 256-8615 – Fax
(203) 255-5702 - Fax

August 18, 2025

<u>*Via ECF*</u>
Honorable Sidney H. Stein
United Stated District Court Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

    **Re:**   ***Pennantia, LLC v. Rose Cay Maritime, LLC and Dove Cay, LLC***
           U.S. District Court – Southern District of New York
           Case No.    25-cv-5904 SHS
           LMP Ref.:    6816

Dear Judge Stein,

       We represent Defendant, Dove Cay, LLC ("DC") and submit this letter motion to raise our concerns regarding the Declaration of Christopher Crescenzo (ECF No. 42) that was submitted with Plaintiff Pennantia LLC's ("Pennantia") reply papers on its motion for preliminary injunction. At the outset, Mr. Crescenzo fails to indicate in his Declaration who asked him to issue the Declaration, when he was asked, what, if any, documents he reviewed, why he issued the Declaration, if the Declaration was issued on his own accord or was it also issued on behalf of Citrin, and whether he sought, received and/or was advised to seek permission from Citrin to issue the Declaration, and if he received any compensation from anyone for issuing the Declaration.

       Mr. Crescenzo is employed by non-party Citrin Cooperman LLP ("Citrin") and has, as set out in his Declaration, been involved with accounting services for the Pennantia fleet of vessels. Although he states that Citrin provides Pennantia with accounting services, he fails to advise the Court that Citrin was engaged by Rose Cay Maritime, LLC ("RCM") for these services, and that DC has been their client since 2018, well before Pennantia in 2021. Arguably, Citrin has fiduciary duties to Pennantia, DC and also RCM, Rose Cay Cap Holdings I LLC, and other Rose Cay entities. Nevertheless, his Declaration reads more like an expert report and appears to have been heavily influenced by Pennantia's counsel (see ¶¶ 22, 54, 59, 65 and fn. 1).

       Although Pennantia sought and obtained leave of the Court for additional time, as well an extended page limit for its reply brief, it failed to ever advise DC, or this Court, that it intended to

introduce Mr. Crescenzo's Declaration. Had Pennantia so advised, then DC would have opposed the request given Citrin's role as the accounting service for the Pennantia fleet that was formerly commercially managed by RCM and technically operated by DC.

On a more fundamental level, having now had the opportunity to full review the Crescenzo Declaration, it appears notwithstanding the active involvement of Pennantia's counsel (including during the weekend and on August 10 which was Pennantia's extended reply deadline and the same day that Mr. Crescenzo signed his Declaration) that he was not advised of key facts regarding the dispute between the parties and also the claims made thus far in the litigation. Most importantly, he does not indicate in his Declaration that RCM terminated the ship management agreement effective July 24, 2025[1] and that DC likewise terminated its services as technical manager with an effective date of August 1, 2025. Furthermore, and is patent from his Declaration, and notwithstanding Citrin's aforesaid role, he never reached out to DC, nor RCM, to seek their input on what he was being told by Pennantia's counsel or the (erroneous) conclusions he reached in his Declaration.

Due to these concerns, DC counsel has been in communications with Citrin via its in-house and external counsel. Specifically, a call was held on Friday August 15, 2025 at which time DC was told that Citrin was handling the matter internally. Earlier today, Citrin's external counsel advise that they had found no merit to a suggestion that Mr. Crescenzo may have been coerced into providing the Declaration. No further details were provided and, in response to a query whether Mr. Crescenzo would be made available so we might ask him about the Declaration and the process by which he engaged with Pennantia and its lawyers to provide the same we were advised of the following non-response "We have looked into the matter and consider it closed."

We also wrote to Pennantia counsel earlier today to advise that we had questions and concerns regarding the Crescenzo Declaration and whether Pennantia counsel was open to discussing the same with us. Two hours later we received a communication from Pennantia counsel on another issue without addressing at all our inquiry about the Crescenzo Declaration. Pennantia counsel's message was acknowledged and, at the same, his abject failure to address the inquiry about the Crescenzo Declaration was noted. In response, and in typical fashion for Pennantia counsel, a non-sequitur about so-called "what aboutism" was launched with along with a self-serving representation that DC's inquiry about Crescenzo Declaration was not urgent and that (supposedly) counsel intended to speak with the undersigned about it this afternoon.

In the circumstances, we urge the Court to carefully assess the unexplained circumstances in which the Crescenzo Declaration was obtained and then submitted to this Court and Citrin's seemingly conflicted role with respect to its accounting services for the Pennantia fleet. It is respectfully submitted that at a minimum DC should have an opportunity to depose Mr. Crescenzo and test the assertions set forth in the Crescenzo Declaration. In the absence of a deposition, and in order to avoid basing its decision, in any part, on the Crescenzo Declaration, and mindful that the Court wanted to proceed with the hearing on Pennantia's motion, it may be appropriate to disregard the Crescenzo Declaration.

---

[1] See Crescenzo Decl. at ¶4 "Upon information and belief, Rose Cay Maritime, LLC ("RCM") **is** the manager of the Pennantia vessels under a Ship Management Agreement between Pennantia and RCM dated August 8, 2021."

We thank your Honor for his time and attention to the foregoing.

Respectfully submitted,

Kevin J. Lennon

KJL/bhs