UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENNANTIA, LLC,

       Plaintiff,

- against-.

ROSE CAY MARITIME, LLC,
AND DOVE CAY, LLC,

       Defendants.

Case No. 25-cv-5904-SHS

**RESPONSE TO ORDER TO SHOW CAUSE**

Together with the accompanying Declarations of Patrick F. Lennon, Kevin J. Lennon Steven R. Winters and Elliott T. Williams, Lennon Murphy & Phillips LLC, counsel for Defendant Dove Cay, LLC, respectfully submits this response to the Court's September 4, 2025 Order to Show Cause (ECF No. 62) directing counsel to explain why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11 or the Court's inherent power.

**I.      Introduction and Acknowledgment of Responsibility**

Undersigned counsel acknowledge the Court's concerns and accept full responsibility for the errors identified in Defendant's opposition Memorandum of Law (ECF No. 32)("Memorandum"). Specifically, the Memorandum included quotations that had not been confirmed against the cited judicial opinions prior to filing. Counsel recognize that this was a serious lapse in professional obligations under *Park v. Kim*, 91 F.4th 610 (2d Cir. 2024), deeply regret the error, and extend their sincere apologies to the Court, the parties, and opposing counsel.

**II.      Explanation of Circumstances**

Lead counsel reviewed the cited cases in LexisNexis and confirmed that they were actual decisions relevant to the legal issues in this matter. However, the quotations included in the initial draft of the Memorandum were not independently verified against the official opinions word-for-word.

The error occurred during preparation of the Memorandum under a compressed briefing schedule in response to Plaintiff's application for a temporary restraining order and preliminary injunction. ECF Nos. 11 and 13. On July 28, 2025, undersigned lead counsel used a generative artificial intelligence program to generate an initial outline addressing, among other issues, whether interest may be included in the value of a maritime lien. The draft outline contained citations to authorities, including *Crescent Towing & Salvage Co. v. M/V ANAX*, 40 F.3d 741, 744 (5th Cir. 1994) and *General Elec. Credit Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811, 815 (5th Cir. 1982), together with purported quotations attributed to those cases. Counsel confirmed through Lexis Nexis that the cases were valid and relevant to maritime lien law, but failed to verify the accuracy of the quoted language against the official opinions.

Undersigned lead counsel departed for a previously scheduled vacation on August 2. Between July 28 and August 4, the Memorandum underwent more than eleven rounds of revisions; however, during that process the accuracy of the quotations initially generated by the AI program was never verified. Importantly, the Memorandum also cited other authorities—including *In re Buholm Fisheries, Inc.*, No. C03-675C, 2003 U.S. Dist. LEXIS 24970, at *5 (W.D. Wash. Sept. 2, 2003), and *ING Bank, N.V. v. M/V Charana Naree*, 446 F. Supp. 3d 163, 176 (W.D. La. 2020), one of which the Court cited in its decision (ECF No. 47), that supported the proposition at issue. The

inclusion of the fictitious quotations was inadvertent and occurred without any purpose or intent to mislead the Court or opposing counsel.

Undersigned counsel emphasize that there was never any intent to mislead the Court or opposing counsel. The AI program was used solely as a time-saving aid in the initial drafting process. The subsequent failure to confirm the quotations was inadvertent, yet it constituted a breach of professional responsibility. Undersigned counsel fully recognize that the duty to verify authority rests squarely with the attorney in all circumstances.

**III.    Corrective Measures Implemented**

Since the Court's August 26, 2025 Order, Lennon Murphy & Phillips LLC has taken immediate and concrete steps to ensure that this type of error does not recur:

1. Conducted a manual review of all citations and quotations contained in Dove Cay's submissions before this Honorable Court that resulted in the redline of Dove Cay's Memorandum of Law (ECF No. 57-1).

2. All citations and quotations in any filing must now be verified directly against official sources (Lexis, Westlaw, or court websites). Attorneys must certify this verification before submission.

3. The firm will implement training for all attorneys regarding the proper and ethical use of generative artificial intelligence in the practice of law, with particular emphasis on Rule 11 obligations.

4. AI-generated text may only be used as an internal drafting aid, and only after complete, manual verification of all authorities, quotations, or other statements by the responsible attorney.

These safeguards are designed to eliminate the risk of inaccurate citations in future submissions.

IV.     **Argument Why Sanctions Should Not Be Imposed**

While undersigned counsel deeply regret the failure to verify the fictitious quotations generated by the artificial intelligence program used in the initial drafting of the Memorandum, it is respectfully submitted that this lapse does not rise to the level of sanctionable conduct, and is readily distinguishable from the conduct of the attorneys in the cases cited in the Court's Memorandum Order (ECF No. 62), namely *Park v. Kim*, 91 F.4th 610 (2d Cir. 2024) and *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. 2023). Counsel respectfully submit that this matter is more akin to (although again factually distinct from) *Hall v. Academy Charter School*, 2025 U.S. Dist. LEXIS 152628 (E.D.N.Y. Aug. 7, 2025)(admonishing counsel, but declining to issue sanctions, where mitigating circumstances existed).

In *Park*, the sanctionable conduct arose from two independent sources of misconduct: (1) the plaintiff's sustained and willful refusal to comply with discovery orders, which led to dismissal under Rules 37 and 41(b), and (2) counsel's citation to a wholly non-existent case generated by artificial intelligence, without ever reading or verifying the decision. The Second Circuit stressed that such reliance on fabricated authority constitutes a false statement of law and falls below the basic obligations of counsel. As a sanction, counsel was referred to the court's grievance panel. By contrast, undersigned counsel in this case did not cite any non-existent case or authority. The cases cited—*Crescent Towing* and *General Electric Credit Corp.*—are real Fifth Circuit precedents, long recognized in maritime lien jurisprudence. The issue here is not the existence of fictitious authorities, but rather the inadvertent and unintentional inclusion of two non-existent quotations

generated by an artificial intelligence drafting tool in an early draft, which were not cross-checked against the official opinions during a compressed briefing schedule.

The circumstances in *Mata* are likewise far more serious. There, counsel relied exclusively on the ChatGPT artificial intelligence to generate not only quotations, but also entire case citations to opinions that did not exist in any reporter or database. Even after opposing counsel specifically advised the court that the cases could not be located, counsel did not withdraw the offending submission. Instead, counsel doubled down, filing an affidavit attaching fabricated excerpts that bore clear indicia of falsity, and even misrepresented facts to the court to secure an extension. The court found subjective bad faith based on conscious avoidance, repeated misrepresentations, and the failure to correct known falsehoods, and sanctioned both counsel and their firm. Here, by contrast, no counterfeit opinions were submitted, no effort was made to present fictitious case law as binding precedent, and no false representations were made to the Court. The authorities cited were authentic, and the substantive legal proposition—that interest may be recovered under a maritime lien—was correct, as confirmed by other authorities relied upon both by the Court and by undersigned counsel.

*Hall* presents yet another distinct scenario. Counsel in that case filed a brief citing three non-existent cases generated by AI, without confirming their existence in any database. While the court ultimately found negligence rather than bad faith, the submission nevertheless rested on fabricated authority. The error in this matter is of an entirely different nature: it arose from the use of a generative artificial intelligence program to assist in drafting an initial outline that included fictitious quotations attributed to genuine, published decisions. The cited cases themselves were verified by undersigned lead counsel as authentic and relevant to the legal issues before the Court.

Unlike in *Hall*, this was not a situation where fabricated cases were submitted as genuine legal authority.

In *Park v. Kim*, *Mata v. Avianca, Inc.*, and *Hall v. Academy Charter School* counsel relied on wholly fictitious authorities that did not exist in any legal database, and in *Mata* compounded the misconduct through conscious avoidance, misrepresentations, and continued reliance even after notice. By contrast, the cases cited here—*Crescent Towing* and *General Electric Credit Corp.*—are genuine, published decisions, relevant to maritime lien jurisprudence. The error was confined to two fictitious quotations generated by an artificial intelligence tool and mistakenly attributed to genuine cases during an expedited initial drafting process. The governing legal proposition advanced—that interest is recoverable as party of a maritime lien—was correct and independently supported by valid precedent, including cases this Court itself cited.

Courts in this Circuit have emphasized that sanctions, particularly when imposed *sua sponte*, require a showing of subjective bad faith. *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 462 (S.D.N.Y. 2023). No such bad faith is present here. At most, the oversight reflects negligence under significant time pressure, which, unlike the willful misconduct in *Park* and *Mata*, does not warrant the imposition of sanctions.

Accordingly, the narrow, unintentional error in this case should not be equated with the egregious conduct at issue in *Park*, *Mata*, or *Hall*, and does not justify the imposition of sanctions under Rule 11 or the Court's inherent authority. While counsel fully accept responsibility, several mitigating factors weigh strongly against the imposition of sanctions. First, counsel did not knowingly present fictitious quotations or attempt to mislead the Court; there is therefore no showing of subjective bad faith. Second, once the issue was identified, counsel promptly acknowledged the error and implemented corrective measures. *See* ECF No. 57. Third, the Court's

Order (ECF No. 56) has already had a significant deterrent effect on counsel and the Lennon, Murphy and Phillips law firm. Finally, undersigned counsel respectfully submit that any sanction beyond an admonition would risk unfairly prejudicing Defendant, who had no involvement in the error. For these reasons, counsel respectfully submits that a sanction beyond an admonition is unnecessary to serve the purposes of Rule 11.

## V.     Conclusion

Lennon Murphy & Phillips LLC acknowledges and deeply regrets this incident and the burden it has placed on the Court and opposing counsel. Counsel has already implemented safeguards to ensure that similar errors do not recur. For all of the reasons discussed in this Memorandum—including the absence of bad faith, the corrective measures already taken, and the deterrent effect of these proceedings—counsel respectfully submits that the Court should discharge the Order to Show Cause without imposing sanctions, or, at most, limit any sanction to an admonition.

Dated: New York, New York
              September 11, 2025

LENNON, MURPHY & PHILLIPS, LLC

/s/ *Patrick F. Lennon*
Patrick F. Lennon, Esq.
Kevin J. Lennon, Esq.
Steven R. Winters, Esq.
Elliott T. Williams, Esq.
The GrayBar Building
420 Lexington Ave., Ste. 300
New York, NY 10170
Tel.    (212) 490-6050
Fax. (212) 490-6070
pfl@lmplaw.net
kjl@lmplaw.net
srw@lmplaw.net
elliott.williams@lmplaw.net

## CERTIFICATION OF SERVICE

I hereby certify that on September 11, 2025, I caused a true and correct copy of the foregoing Response to Order to Show Cause to be served upon all counsel of record via the Court's CM/ECF system, which will send notification of such filing to all registered participants.

*Patrick F. Lennon*

_____
Patrick F. Lennon