UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENNANTIA, LLC,

  Plaintiff,

- against-.

ROSE CAY MARITIME, LLC,
AND DOVE CAY, LLC,

  Defendants.

Case No. 25-cv-5904-SHS

## DECLARATION OF PATRICK F. LENNON

Patrick F. Lennon, hereby declare the following under penalty of perjury:

1. I am a partner in the law firm Lennon, Murphy & Phillips, LLC and lead counsel of record for the Defendant, Dove Cay, LLC in this action.

2. I was admitted to the bars of the states of New York and Connecticut in 1992.

3. I was admitted to practice before this Court in 1994 and have appeared in numerous cases.

4. I am also admitted to practice in the Eastern District New York, the District of Connecticut, the Eastern District of New York, and the Southern District of Texas.

5. To the best of my memory, I have been admitted *pro hac vice* to practice before the District of New Jersey, the District of Maryland, the Eastern District of Oklahoma, the Northern District of Illinois, the Middle District of Florida, the Southern District of Florida, the District of Columbia and the Western District of Tennessee. There may have been instances where I have been admitted *pro hac vice* to other districts and state courts as well.

6. I am also admitted to practice before the Second Circuit Court of Appeals, the Third Circuit Court of Appeals and the United States Supreme Court.

7. I have never been sanctioned or subject to a disciplinary action in any jurisdiction in which I am admitted to practice, whether by regular admission or admission pro hac vice.

8. This declaration is respectfully submitted in support of Lennon, Murphy & Phillips, LLC's ("LMP") response to the Court's Order to Show Cause dated September 4, 2025 (ECF No. 62).

9. As an attorney with more than 30 years of experience practicing before this Honorable Court, I recognize my duty to ensure the accuracy of all court submissions. In this instance, I take full responsibility for failing to properly verify each of the quotations included in Dove Cay's Memorandum of Law in Opposition.

10. As the Court will recall, I attended an in-person conference on July 25, 2025 together with counsel for the Plaintiff and co-defendant Rose Cay Maritime. The conference lasted several hours, during which the Court issued a briefing schedule on Plaintiff's application for a preliminary injunction, requiring the Defendants to submit their opposition on or before August 1, 2025. During the conference the Court also directed the parties to mediate their disputes, and before the conference concluded the mediation was scheduled for the following week.

11. Following the conference, I began initial research for preparation of the memorandum in opposition, utilizing both Lexis Nexis and generative artificial intelligence tools. Based on that research, I prepared a draft outline of arguments responding to certain points raised in the Plaintiff's motion, which I circulated to my colleagues, Kevin Lennon, Steven Winters and Elliott Willaims later that afternoon.

12. During this initial research process, I reviewed in Lexis Nexis each relevant decision, including those identified through artificial intelligence, and verified they were valid and pertinent to the key issues in the case.

13. What I failed to notice and verify were the quotations generated by an artificial intelligence program attributed to two cited decisions, namely C*rescent Towing & Salvage Co. v. M/V ANAX*, 40 F.3d 741 (5th Cir. 1994), and *General Electric Credit Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811 (5th Cir. 1982) – quotations that proved to be fictitious, even though the cases themselves are legitimate and generally relevant to the maritime lien issues in this matter.

14. While I was preparing for and attending the all-day mediation on July 30, 2025, my colleagues continued to draft and revise the opposition memorandum.

15. In the interim, on July 28, 2025 the Plaintiff filed a letter motion to compel the Defendants to comply with the Court's Order to Permit Vessel Inspections, which the Court granted that same day. *See*, ECF Nos. 14 and 15. I dedicated significant time to dealing with the letter motion and ensuring that the vessel inspections were properly coordinated, including drafting a response to the letter motion. *See,* ECF No. 16.

16. On July 31, 2025, Plaintiff filed another letter motion seeking to delay the effective date of the Defendants' termination of management services, which the Court denied that same day. *See*, ECF Nos. 27 and 28.

17. Additionally on July 31, 2025, Plaintiff filed another letter motion requesting a conference to address Defendants' use of funds deposited by the Plaintiff pursuant to an agreement reached during the July 25, 2025 conference. The Court granted that request the same day and scheduled a conference for August 1, 2025 – the same day as the Defendants' opposition papers were due. *See*, ECF Nos. 29 and 30.

18. I then attended the conference on August 1, 2025 – at which the Court extended the Defendants' deadline to submit opposition papers to Monday, August 4, 2025.

19.     On August 2, 2025 I departed for a previously scheduled vacation but continued to collaborate with my colleagues and co-counsel in preparing the Defendants' opposition papers.

20.     I offer the foregoing chronology to provide context for the stressful conditions under which we prepared the Defendants' opposition papers, but not as an excuse for my failure to properly check and verify the quotations attributed to the precedents cited in the memorandum.

21.     During our research and the drafting of the opposition memorandum, we worked to ensure that every argument presented to the Court rested on valid principles of law concerning the maritime liens asserted by Dove Cay, including the proposition that interest may be added to the amount of the claimed lien.  While the quotations attributed to C*rescent Towing & Salvage Co. v. M/V ANAX*, 40 F.3d 741 (5th Cir. 1994), and *General Electric Credit Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811 (5th Cir. 1982) were ficticioius and should not have been included, the Memorandum also cited *In re Buholm Fisheries, Inc.*, No. C03-675C, 2003 U.S. Dist. LEXIS 24970, at *5 (W.D. Wash. Sep. 2, 2003) and *ING Bank, N.V. v. M/V Charana Naree*, 446 F. Supp. 3d 163, 176 (W.D. La. 2020), which are valid authorities supporting that same proposition.

22.     The foregoing notwithstanding, I understood that using generative artificial intelligence carried the risk that it might generate non-existent or inaccurate case citations. In preparing the skeleton first draft of the memorandum, I confirmed that each case cited was valid, believing at the time that this was a sufficient safeguard. I now recognize that it was also necessary to more carefully verify the accuracy of the quotations attributed to those cases, and I take responsibility for the inadvertent omission in failing to do so despite my good-faith efforts to confirm the authorities.

23.     I represent to the Court that the quotations attributed to those cases, which were in fact fictitious, were not included in the Memorandum in bad faith or with any intent to mislead the

Court or opposing counsel. Their inclusion was the product of my inadvertent failure to confirm their authenticity.

24. After learning of the fictitious quotations, I met with and discussed with the attorneys in our firm safeguards and protocols for using artificial intelligence going forward to ensure that neither this nor any situation similar to it occurs in the future.

25. Together with my colleagues, I undertake to attend continuing legal education regarding the responsible use of generative artificial intelligence in the practice of law.

I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge.

Dated: September 11, 2025
       Westport, CT

_____
Patrick F. Lennon

## CERTIFICATION OF SERVICE

I hereby certify that on September 11, 2025, I caused a true and correct copy of the foregoing Declaration to be served upon all counsel of record via the Court's CM/ECF system, which will send notification of such filing to all registered participants.

_____
Patrick F. Lennon