UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENNANTIA, LLC,

     Plaintiff,

- against-.

ROSE CAY MARITIME, LLC,
AND DOVE CAY, LLC,

     Defendants.

Case No. 25-cv-5904-SHS

## DECLARATION OF ELLIOTT T. WILLIAMS

Elliott T. Williams, hereby declare the following under penalty of perjury:

1. I am an Associate of Lennon, Murphy & Phillips, LLC and am counsel of record for the Defendant, Dove Cay, LLC in the above-captioned action.

2. I was admitted to the bar of the state of New York in 2023 and to the bar of the state of Connecticut in 2024.

3. I was admitted to practice in this Court on November 28, 2023.

4. I am also admitted to practice before the United States District Courts for the: District of Connecticut, Eastern District of New York, and Southern District of Texas.

5. Presently, I am admitted *pro hac vice* before the United States District Courts for the: District of Rhode Island and Western District of Tennessee.

6. I have never been sanctioned or subject to a disciplinary action in any jurisdiction in which I am admitted to practice, whether by regular admission or admission pro hac vice.

7. This declaration is respectfully submitted in support of Lennon, Murphy & Phillips, LLC's ("LMP") response to the Court's Order to Show Cause dated September 4, 2025 (ECF No. 62).

1

8. As an attorney practicing before this Honorable Court, I recognize and acknowledge that I have a duty of candor to and a duty to ensure the accuracy of all submissions made to this Court and others before which I am admitted to practice. In this instance, I take full responsibility for failing to properly check each of the quotations and citations contained in Dove Cay's Memorandum of Law in Opposition.

9. I wish to offer the Court insight into my role in the preparation of Dove Cay's Opposition to Pennantia, LLC's application for a preliminary injunction with regard to Dove Cay's maritime liens against the Pennantia Fleet. I offer this explanation not as an excuse for our failure, but to provide the Court with context in which, we failed to confirm the accuracy of the hallucinated quotations attributed to C*rescent Towing & Salvage Co. v. M/V ANAX*, 40 F.3d 741 (5th Cir. 1994), and *General Electric Credit Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811 (5th Cir. 1982).

10. As the Court will recall, an in-person status conference was held on July 25, 2025, which lasted several hours, and ultimately led to the Court issuing a briefing schedule on Pennantia's application for a preliminary injunction.

11. I, along with Messrs. Kevin Lennon and Steven Winters, first learned of the Court's July 25th Order from Mr. Patrick Lennon by email at 5:20 p.m. on Friday, July 25, 2025.

12. Aside from Mr. Patrick Lennon, I was the attorney with the most familiarity with the underlying relationship between the Parties, having been previously involved with this matter shortly after Dove Cay retained LMP in May of 2025. Accordingly, in connection with Dove Cay's Opposition, I was primarily responsible for marshalling evidentiary support, such as preparing Mr. Alex Parker's declaration, as well as, identifying and organizing the several hundred pages of exhibits attached to Mr. Parker's declaration.

2

13. My first involvement in the preparation of Dove Cay's Memorandum of Law in Opposition came on July 29, 2025, when I proposed edits and additions after the fourth round of edits to the memorandum. The draft version which I received included the hallucinated quotations from *Crescent Towing & Salvage Co. v. M/V ANAX*, 40 F.3d 741 (5th Cir. 1994) and *General Electric Credit Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811 (5th Cir. 1982).

14. The prior versions of the Memorandum of Law were drafted, reviewed, and revised by Mr. Patrick Lennon, Mr. Kevin Lennon, and Mr. Steven Winters, all of whom I know to be skilled attorneys that would never attempt to mislead this Court or any other court that they might appear before. Because the Memorandum had already undergone four rounds of review, I did not conduct an independent review of the legal authorities or the accuracy of quotations contained therein.

15. My involvement with the Memorandum of Law primarily focused on ensuring consistency with the underlying facts, as I understood them and conducting legal research via LexisNexis regarding the inclusion of interest in the value of maritime liens – the section containing the hallucinated quotations. My research identified, among other cases, *In re Buholm Fisheries, Inc.*, No. C03-675C, 2003 U.S. Dist. LEXIS 24970, at *5 (W.D. Wash. Sep. 2, 2003) and *ING Bank, N.V. v. M/V Charana Naree*, 446 F. Supp. 3d 163, 176 (W.D. La. 2020), both of which, support the proposition that interest is included in the value of a maritime lien. See, ECF No. 32 at p. 15.

16. As the Court noted that interest can be, and typically is, included in the value of a maritime lien. *See*, Opinion & Order, ECF No. 47 at p. 13 (citing to *ING Bank, N.V. v. M/V Charana Naree*, 446 F. Supp. 3d 163, 176–77 (W.D. La. 2020)).

17.     While I did not insert the citations to C*rescent Towing & Salvage Co. v. M/V ANAX*, 40 F.3d 741 (5th Cir. 1994), and *General Electric Credit Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811 (5th Cir. 1982) or the hallucinated quotations attributed to those cases, I do not recall reviewing them, as I should have. I take personal responsibility for not verifying the quotations attributed to those cases because that was the portion of Dove Cay's Memorandum of Law that I was most involved with.

18.     I did not learn that generative artificial intelligence was used in connection with the drafting of Dove Cay's Memorandum of Law in Opposition until after the Court issued its first Order on August 26, 2025. *See*, ECF No. 56.

19.     I have no reason to believe that the hallucinated quotations were included in the Memorandum of Law were included in bad-faith or with an intent to mislead the Court or opposing counsel. Instead, I believe their inclusion was the result of a serious, yet unintentional oversight on our part, in connection with the preparation of Dove Cay's Opposition in a legally and factually complicated matter within the Court's compressed briefing schedule.

20.     Had I known that generative artificial intelligence was used in the drafting of Dove Cay's Memorandum of Law, I would have undertaken to personally review the accuracy of each quotation and the veracity of each citation to ensure compliance with our professional obligations as attorneys practicing before this Honorable Court. Again, I offer this not to excuse our failure to properly vet the quotations, but as an explanation as to why it occurred and how we will prevent it from happening again in the future.

21.     In light of our collective failing, we have met and discussed the responsible use of generative artificial intelligence going forward to ensure that this situation does not recur.

22. Because of the seriousness of this matter, I will be attending continuing legal education regarding the use of generative artificial intelligence in connection with legal work.

23. I have never personally used any publicly accessible generative artificial intelligence to generate legal or other authority citations, quotations, or any other materials for submission to any court.

I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge.

Dated: September 11, 2025
       Westport, CT

Elliott T. Williams

## CERTIFICATION OF SERVICE

I hereby certify that on September 11, 2025, I caused a true and correct copy of the foregoing Declaration to be served upon all counsel of record via the Court's CM/ECF system, which will send notification of such filing to all registered participants.

_____
Patrick F. Lennon